**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **ANTHONY T. MOORE JR. ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 18−cv−1377−JPG** |
| | ) | |
| **MIKE RIPPERADAH,** | ) | |
| **TERRY OWENS,** | ) | |
| **PATRICK FULTON, and** | ) | |
| **MICHAEL BUNJOCK** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Anthony T. Moore, an inmate in St. Clair County Jail, brings this action for

deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.  Plaintiff seeks monetary

damages.  This case is now before the Court for a preliminary review of the Complaint pursuant

to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any
> event, as soon as practicable after docketing, a complaint in a civil action in which a
> prisoner seeks redress from a governmental entity or officer or employee of a
> governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify
> cognizable claims or dismiss the complaint, or any portion of the complaint, if the
> complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which
> > relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune
> > from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Frivolousness is an objective standard that refers

to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

## The Complaint

Plaintiff originally filed suit on May 2, 2018 in case No. 18-cv-1047-JPG-RJD. The Court determined that Plaintiff was attempting to bring unrelated claims in the same lawsuit, and severed certain claims into this action on July 11, 2018. (Doc. 1). As relevant to the claim present in this action, Plaintiff has alleged the following:

Plaintiff was housed in the "max" portion of the St. Clair County jail from August 2016 until September 2017. (Doc.1 , p. 8). While there, Plaintiff was denied access to the law library. *Id*. Plaintiff alleges that this made him unable to file cases raising First Amendment and Eighth Amendment issues, and thus prolonged his exposure to unconstitutional conditions. *Id*. It further hindered Plaintiff's ability to raise ineffective assistance of counsel claims with regards to his criminal matters. *Id*.

Although Plaintiff now has access to the law library, he alleges that he is required to stand at the kiosk for hours and hand-copy case law. *Id*. Plaintiff has complained about these issues to Ripperadah, Owens, Fulton, and Bunjock. *Id*.

## Discussion

The severance order designated one claim for this action:

**Count 2 –** First and/or Fourteenth Amendment claim against Defendants Ripperadah, Owens, Fulton, and Bunjock for denying Plaintiff access to a law library for a 13-month period between August 2016 and September 2017 that coincided with Plaintiff's criminal case and his pursuit of a civil rights action for unconstitutional conditions of confinement at the Jail;

The severance order did not decide whether Plaintiff's claims arose under the First or Fourteenth Amendment, presumably because Plaintiff's Complaint is silent on his status at the St. Clair County Jail. It appears that Plaintiff is incarcerated at St. Clair County Jail because his state criminal case for attempted murder was remanded on appeal for a retrial, which took place in April 2018 and resulted in a guilty finding. *People of the State of Illinois v. Anthony T. Moore, Jr.*, 12CF0182604 (St. Clair County, April 15, 2018). Additionally, Plaintiff also has a federal sentence that is scheduled to run consecutively to his state sentence for a related incident. *United States v. Moore*, 13-cr-30212-DRH-1 (S.D. Ill. October 14, 2014). Therefore, Plaintiff was a convicted prisoner at all relevant times pursuant to his Federal case, although his status pursuant to his state conviction shifted during the relevant time period.

The Seventh Circuit uses a two-part test to decide if prison administrators have violated the right of access to the courts. *Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004). First, the prisoner must show that prison officials interfered with his legal materials. *Devbrow v. Gallegos*, 735 F.3d 584, 587 (7th Cir. 2013) (citing *Lewis v. Casey*, 518 U.S. 343, 348 (1996)). Second, he must be able to show "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of the plaintiff's pending or contemplated litigation." *Alston v. DeBruyn*, 13 F.3d 1036, 1041 (7th Cir. 1994); *see also Lehn*, 364 F. 3d at 868. That means that a detriment must exist, a detriment resulting from illegal

conduct that affects litigation. It does not mean that any delay is a detriment. *Kincaid v. Vail*, 969 F.2d 594, 603 (7th Cir. 1992), *cert. denied*, 506 U.S. 1062 (1993). Regardless of the length of an alleged delay, a prisoner must show actual substantial prejudice to specific litigation. *Kincaid*, 969 F.2d at 603.

To state a claim, a plaintiff must explain "the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009) (internal quotation and citation omitted); *accord Guajardo-Palma v. Martinson*, 622 F.3d 801, 805-06 (7th Cir. 2010). This requires Plaintiff to identify the underlying claim that was lost. *See Christopher v. Harbury*, 536 U.S. 403, 416 (2002); *Steidl v. Fermon*, 494 F.3d 623, 633 (7th Cir. 2007).

Plaintiff has not adequately stated a claim here. Plaintiff alleges that he was deprived of law library access for 16 months. Although he vaguely alleges that he could have brought a variety of claims during that time period, Plaintiff has not identified a specific claim that was *lost* as a result of Defendants' actions. Plaintiff must allege that he can no longer recover on a specific claim due to the actions of the Defendants. Moreover, despite Plaintiff's allegations that he was not permitted to file an appeal in his criminal matters, a review of the relevant dockets that Plaintiff pursued appeals in both his federal and state court cases, and that the appeal was partially successful in his state case. If Plaintiff wishes to pursue his claim regarding his criminal matters, he should identify the specific case that he wished to appeal by case number and explain the relationship between Defendants' actions and the alleged detriment. **Count 2** is dismissed without prejudice for failure to state a claim upon which relief may be granted.

### Disposition

**IT IS HEREBY ORDERED** that the Complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his First Amended Complaint, stating any facts which may exist to support his First Amendment Claim (on or before **September 20, 2018**).  An amended complaint supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004).  The Court will not accept piecemeal amendments to the original complaint.  Thus, the First Amended Complaint must stand on its own, without reference to any other pleading.  Should the First Amended Complaint not conform to these requirements, it shall be stricken.  Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint.  Failure to file an amended complaint shall result in the dismissal of this action with prejudice.  Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Plaintiff is warned, however, that the Court takes the issue of perjury seriously, and that any facts found to be untrue in the Amended Complaint may be grounds for sanctions, including dismissal and possible criminal prosecution for perjury.  *Rivera v. Drake*, 767 F.3d 685, 686 (7th Cir. 2014) (dismissing a lawsuit as a sanction where an inmate submitted a false affidavit and subsequently lied on the stand).

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**

**DATED: August 23, 2018**

<u>s/J. Phil Gilbert</u>
**U.S. District Judge**